## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SANDRA CRENSHAW,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-872-K** |
| | § | |
| **DARLENE EWING,** | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Defendant Darlene Ewing, Dallas County Democratic Party Chairwoman, has filed a Rule

12(b)(6) motion to dismiss this *pro se* civil rights action brought by Plaintiff Sandra Crenshaw under

42 U.S.C. § 1983.  As best the Court understands her complaint, Plaintiff appears to allege that

Defendant violated her procedural due process rights by declaring her ineligible to be placed on the

March 4, 2014 Dallas County Democratic Party primary ballot because she did not satisfy the six-

month residency requirement.  Pl. Compl. (Doc. 3) at 1.  Defendant moves to dismiss all of

Plaintiff's claims and causes of action for failure to state a claim upon which relief can be granted.

Plaintiff failed to file a written response to the motion.  Accordingly, the Court considers

Defendant's motion without the benefit of a response.

A district court may dismiss a complaint for failure to state a claim "only if it appears that

no relief could be granted under any set of facts that could be proven consistent with the allegations."

*Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992) (quoting *Barrientos

v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990)).  To survive dismissal, the

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).

Here, Plaintiff generally alleges that Defendant violated her constitutional rights when she declared Plaintiff ineligible to be placed on the ballot in the March 2014 Democratic Party primary. Pl. Compl. at 1. Her complaint states in its entirety:

> Defendant Ewing violated the due process and other civil rights of Plaintiff when Ewing abused a legal government process with deliberate indifference to retaliate against Plaintiff[,] Ewing's political adversary, by declaring [Plaintiff] ineligible to be placed on the March 4th, 2014 Dallas County Democratic Primary Ballot. In the case before the court, Ewing declared candidate ineligible on the face of her application stating she did not meet the six months residential eligibility requirements. [Plaintiff] would show the court that the Texas election code clearly states when there is another eligibility statute for residency, that statue [sic] supercedes the section [Defendant] relied on as to conflict. Plaintiff suffered harm and economic injury.

Pl. Compl. at 1. To the extent Plaintiff contends that Defendant violated her procedural due process rights, her claims must fail because she has not alleged that she has been denied a liberty or property

interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (explaining that the first step in examining whether an individual's procedural due process rights have been violated is to "ask[] whether there exists a liberty or property interest which has been interfered with by the State"). It is well-established that an individual has no liberty or property interest in a state political office. *Taylor v. Beckham*, 178 U.S. 548, 577 (1900); *see also Snowden v. Hughes*, 321 U.S. 1, 7 (1944). Nor is there any such interest in being a candidate or appearing on a ballot. *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir. 2012); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 629 F.2d 993, 998 n.9 (5th Cir. 1980). Because Plaintiff did not have a protected interest in an elected office, her complaint fails to state a procedural due process claim. *Wilson*, 667 F.3d at 598 (affirming dismissal of procedural due process claim arising out of state officials' decision not to place candidate's name on primary election ballot). To the extent Plaintiff contends that Defendant violated her "other civil rights," her allegations are too vague to determine the nature or basis of her claims. Plaintiff fails to identify any particular right or set forth any specific facts to state a plausible claim for relief. Accordingly, Defendant is entitled to dismissal under Rule 12(b)(6).

### RECOMMENDATION

The District Court should GRANT Defendant's Rule 12(b)(6) motion and DISMISS Plaintiff's complaint without prejudice.

SO RECOMMENDED, June 27, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).